**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

IN THE MATTER OF A PROCEEDING PURSUANT TO ARTICLE
78 OF THE CIVIL PRACTICE LAW AND RULES

ANTHONY DEPERNO, INDIVIDUALLY AND ON BEHALF OF
VICTORY SIGN, INC.,

|  |  |
|---|---|
| Plaintiff, | 6:10-CV-450 |
| v. | (NAM/GHL) |

THE TOWN OF VERONA, TOWN OF VERONA, OWEN E.
WALLER, INDIVIDUALLY AND AS SUPERVISOR THEREOF;
GERALD ZIMMERMAN, DEPUTY SUPERVISOR, KENNETH
REGNER, RICHARD RADOS, SCOTT MUSSACCHIO,
INDIVIDUALLY AND COLLECTIVELY AS MEMBERS OF THE
TOWN BOARD OF THE TOWN OF VERONA; THE TOWN OF
VERONA ZONING BOARD OF APPEALS, RAYMOND ULRICH,
CHAIRMAN, AND WALTER HOJNACKI, JEFFREY KAHLER,
CHARLES WIRTENSON, AND HENRY GERWIG,
INDIVIDUALLY AND COLLECTIVELY AS MEMBERS
THEREOF; CHRIS CHILDS, INDIVIDUALLY AND AS THE TOWN
OF VERONA CODES ENFORCEMENT OFFICER; AND PATRICIA
E. NESTLE, INDIVIDUALLY AND AS THE TOWN OF VERONA
TOWN CLERK, JOINTLY AND SEVERALLY,

**Defendants.**
_____

**APPEARANCES:**                                              **OF COUNSEL:**

DePerno & Khanzadian                                      Karen Khanzadian, Esq.
704 Main Street, P.O. Box 83
Sylvan Beach, New York 13157
For Plaintiff

Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C.    Michael J. Murphy, Esq.
20 Corporate Woods Boulevard
Albany, New York 12211-2362
For Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

Plaintiff Anthony DePerno, individually and on behalf of Victory Sign, Inc., brings this action against The Town of Verona ("Town"), Owen. E. Waller, town supervisor, Gerald Zimmerman, deputy supervisor, Kenneth Regner, Richard Rados, and Scott Musacchio, individually and collectively as Town Board members, the Town of Verona Zoning Board of Appeals, Raymond Ulrich, Chairman of the Town Zoning Board of Appeals, and Walter Hojnacki, Jeffrey Kahler, Charles Wirtenson, and Henry Gerwig, individually and collectively as members of the Town Zoning Board of Appeals, Chris Childs, Town Codes Enforcement Officer, and Patricia E. Nestle, individually and as Town Clerk (collectively "defendants").  Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants violated his First and Fourteenth Amendment rights.  Specifically, plaintiff alleges: (1) that defendants' refusal to "timely and fairly" consider plaintiff's permit application to erect a billboard violated his right to procedural due process; (2) that defendants refusal to grant plaintiff's permit to erect a billboard "which was and is still in full compliance with the only valid Town zoning law" violated his right to due process and free speech; (3) defendants' failure to include a "purpose" clause in the text of the amendment to the zoning law prohibiting all "billboard or outdoor advertising", Local Law No. 1of 2009, violated the statutory requirements for the enactment of Local Laws and renders the amendment void, or, alternatively, is an unconstitutional restriction on free speech; and (4) that defendants acted intentionally and maliciously with "wanton and/or reckless disregard" to plaintiff's constitutional rights.  In addition to an award of compensatory and punitive damages, costs, and attorneys' fees, plaintiff seeks an order declaring that Local Law No. 1 of 2009 is void, unenforceable, and unconstitutional and directing that his permit application be granted.

Presently before the Court is defendant's motion to dismiss the complaint pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure, or, alternatively, for summary judgment pursuant to Rule 56.  Plaintiff opposes defendant's motion.

## II.      COMPLAINT

Accepting the factual allegations in the complaint, and its exhibits, as true, as the Court is required to do when considering a motion to dismiss, the facts are as follows: Plaintiff resides in Verona Beach, New York and operates Victory Sign, Inc., a New York Corporation located in Canastota, New York.  Compl. ¶ 2.  In April 2008, seeking to "erect off-premises signs in the H[amlet,] C[ommercial and] R[esidential] District ["HCR"] on the west side of the four lane highway leading to the Turning Stone Casino" plaintiff hand delivered completed applications for building permits to Town Code Enforcement Officer Chris Childs.  Compl. ¶ 5.  On April 21, 2008, the Zoning Board of Appeals met, discussed and denied plaintiff's application. Compl. ¶ 6. The minutes from that meeting state: "Anthony DePerno, Signage - Mr. DePerno of Victory Signs, Verona Beach, requested putting two billboards east of Joel's Steak House in Verona.  He has approval from the NYSDOT.  After much discussion, the board denied his request, per the zoning regulations."  Compl., Ex. B.  Plaintiff did not appeal that decision because "he lost the interested advertisers when they learned the Zoning Board of Appeals wouldn't permit off-premises signage in said District."  Compl. ¶ 6.

On August 21, 2008, Town Clerk Patricia Nestle published a notice in the *Rome Sentinel* advising that a public hearing would be held on September 3, 2008 to consider, *inter alia*, changing provisions to the Town Zoning Ordinance of 2004, and that "the location and size of public signs and billboards" was "one of the text amendments up for discussion".  Compl. ¶ 7. The notice also stated that the "'environmental significance of the proposed amendment will be

reviewed at said public hearing.'" Compl. ¶ 7.

On September 3, 2008, the Town Board held a meeting. Compl. ¶ 8. Regarding the proposed amendment to the Zoning Ordinance of 2004, the minutes indicate that Chairman of the Zoning Board of Appeals stated that "signs in the town need to be smaller. Existing signs will be grandfathered. Signs will be varied in all districts and no billboard will be permitted." Compl. Ex. E. No other comments are recorded in the minutes. Compl. Ex. E. The Town Board then voted to adopt the amendments as proposed. Compl. Ex. E.

On September 22, 2008, plaintiff "hand delivered two separate and distinct Applications for Building Permits (for off-premises signage in the HCR District), to Defendant Childs for review and approval by the Zoning Board of Appeals at their upcoming October 20, 2008 monthly meeting". Compl. ¶ 9. Childs told plaintiff that "he doubted the ZBA would approve either application, as both the unamended ordinance and the new text amendments forbade off-premises signage in the HCR District." Compl. ¶ 9. Plaintiff responded that "off-premises signs were still permitted in the HCR District as the new amendments . . . had not (as of the date of Victory's application, September 22nd) been accepted by the Department of State for filing." Compl. ¶ 9 (emphasis omitted).

In a letter to Zoning Board of Appeals Chairman Ulrich, dated October 12, 2008, plaintiff's attorney wrote:

> [O]n September 3, 2008, the town board discussed several amendments to the present sign law. In particular, whether or not - in the future - billboards will be permitted/prohibited on Route 365, in the HCR zone.
>
> On September 22, 2008, before any amendment took effect, Victory submitted an application for a sign permit in the HCR zone that in all respects complied with the present law . . . .

4

Victory recognizes that henceforth, applications for sign permits may not be approved in that locale.  In the meantime, Section 27.3 of the Municipal Home Rule Law of the State of New York specifically states "Notwithstanding the effective date of any local law, a local law shall not become effective before it is filed in the office of the Secretary of State".

I have been told by the Department of State that the town had not [as of the date Victory submitted its application] filed any amendment to the present sign law.  Inasmuch as the town did not enact an emergency moratorium . . . . the ZBA has the right and the obligation to review Victory's application consonant with the then (and still current) local law.

Victory wants to work with the town, and is willing to address concerns, whether they be sign size, color, shrubbery, location and so forth, all to the end that the proposed sign be in harmony with the commercial flavor of the 365 corridor.

Compl. Ex. F.

The Zoning Board of Appeals held a meeting on October 20, 2008.  Compl. ¶ 11.  Plaintiff and his attorney, who had been scheduled to be out of town "on business" that day, did not attend. Compl. ¶ 10; *see also* Compl. Ex. G.  The meeting minutes indicate that "Anthony DePerno was discussed regarding signage on Route 365."  Compl. Ex. G.

On October 21, 2008, plaintiff "inquired of CEO Childs as to what action the ZBA took with regard to his applications."  Compl. ¶ 12.  Childs responded that the ZBA didn't take any action at its meeting on either application as (under the new amendments) off-premises signs weren't allowed in the HCR District."  Compl. ¶ 12.  Plaintiff told Childs that he believed he was:

being treated unfairly, that off-premises signage was a permissible use in the HCR District, that the ZBA had the obligation to review (and approve) his applications (or at the very least, tell him what he needed to do to conform his plans to the code), and that to the best of his knowledge, the new amendments still hadn't been filed with the Department of State.

Compl. ¶ 12.

On October 30, Town Clerk Nestle filed "Local Law No. 3, 2008" with the Department of

5

State.  Compl. Ex. H.

On November 17, 2008, plaintiff's attorney attended the ZBA's meeting "to argue that the ZBA had the prior obligation(at its October 20, 2008 meeting, before Local Law #3 of 2008 had been filed with the Department of State) to act on Plaintiff's applications".  Compl. ¶ 14. Plaintiff's attorney further argued at the meeting that the ZBA was "obligated at that time to review same in accordance with the un-amended code (that clearly permitted off-premises signage in the HCR district)."  Compl. ¶ 14.  ZBA Chairman Ulrich told plaintiff's attorney that off-premises signage and bill boards were not permitted in the HCR district under either the unamended or amended ordinance.  Compl. ¶ 14.  Plaintiff's attorney asked "what changes, if any," needed to be made to plaintiff's applications in order to obtain a permit for an off-premises sign in the HCR district under either the amended or unamended ordinance.  Compl. ¶ 14. Chairman Ulrich responded that he did not have plaintiff's applications "in from of him, and couldn't remember the particulars of either application".  Compl. ¶ 14.  Chairman Ulrich told plaintiff's attorney that plaintiff should meet with Codes Enforcement Officer Childs, "so that the ZBA could study the issue at its next meeting, in December."  Compl. ¶ 14.

The minutes from the ZBA's November meeting state:

Rocco DePerno, Sign Permit - Mr. DePerno of Verona Beach is requesting permission for his son of Victory Signs to erect two signs on State Route 365.  He has applied two time before and was refused the first time because of sign size and the second time for incorrect property use.

His son filled out the variance paperwork in September but never proceeded with the process.  They would like to place a sign on North Main Street and West Main Street in Verona to face Route 365.

The Board told him that they need more information.

Compl. Ex. I.

6

In the complaint, plaintiff states that he "never filled out any application for a variance, and did everything a reasonable and prudent applicant could do in these types of recalcitrant and defiant settings." Compl. ¶ 15. Plaintiff claims that he did not need a variance since off-premises signage was a perfectly permissible use in the HCR District. Compl. ¶ 14.

In a letter to Chairman Ulrich, dated November 21, 2008, plaintiff's attorney wrote: "Further to our discussion, [plaintiff] met with [Codes Enforcement Officer Childs], answered his questions, and walked the properties together. To the best of my recollection, that is what [plaintiff] was supposed to do. Kindly advise." Compl. Ex. J. According to the complaint, plaintiff and Childs "walked each site, and re-confirmed the appropriate set backs." Compl. ¶ 15.

In a letter to plaintiff dated December 3, 2008, Childs wrote:

> I realize that there is a difference in weather [sic] or not we are to make a decision on your application for a sign permit under old or new regulations. To better understand what we are supposed to do we got together with the Town Lawyer and he saw that we do not have a completed application. All I have is the one page of the application for each of the signs, nothing with dates or signatures, and even the denial page is not here. I am sending you an application to fill out and it has to be filled out completely (dated and Signed [sic]) and must include a sketch of the property and how the sign will be oriented on the property. Also the dimensions of all signs, lots and set backs. I still have the measurements that we took but they have to be on the sketch.

> If you have any questions on what to fill out or submit please call me at the above number. I still have your insurance information so you do not need that.

Compl. Ex. K.

According to the complaint, although he had "filled out each of the applications to CEO Childs' previous satisfaction" and "neither the Town Clerk, CEO Childs, ZBA Chairman Ulrich, nor any other member of the Zoning Board of Appeals ever before indicated" that his applications were deficient, on December 10, 2008, plaintiff resubmitted each of the applications. Compl. ¶ 18.

Under the title "Old Business", the minutes from the ZBA meeting on December 15, 2008 state:

Mr. DePerno of Victory Sign is requesting a review of his September 22 building permit application for 2 sign[] located on Route 365 in the HCR District.
Chairman Ulrich informed Mr. DePerno that his attorney was at the November 17th meeting with his interpretation of our old regulations Section IV-5(A.5) and IV-5(B.1) of Local Law # 1 of 2004.

Chairman Ulrich read a letter dated October 17, 2008 from Mr. DePernos [sic] attorney and understands Municipal Home Rule Section 27.3.  Any zoning changes have to be filed with the Secretary of State to become law.  When his attorney attended the November 17th meeting, the board requested more information on road frontage because, at that time the board was unsure whether they were going to use the new or old regulations.

Mr. DePerno was told that if he had attended the October 20th meeting, the ZBA would have had to rule under Local Law # 1 of 2004.  However because he did not come to a meeting until November 17th and the new local law was signed into law November 4th, the board has to rule under the new local law of Nov[.] 4, 2008.

Mr. DePerno stated that he was hoping that because he filled out the permit application in September 22, 2008, that the board would rule under the old Law.
The Chairman read the NYS Zoning Law and Practice 33:23 Amendments while review is pending.

It was brought up that there are already vacant signs on Route 365, one of which is owned by Victory Signs.  More vacant signs boards are not needed.  Mr. DePerno stated that he has signed contracts for the vacant signs.

R. Ulrich moved that the ZBA deny the Victory Sign Application for a sign permit in the HCR District zone which do not comply with the Local Law of November 4, 2008 Section IV-5, B, 1 2 & 4.  There was a roll call vote . . . .  Motion to deny passed.

Compl. Ex. M.

According to the complaint, at all times relevant to this action, off-premises signage "was a permissible use in the HCR District".

As a result of these events, plaintiff commenced a proceeding in New York State Supreme Court, County of Oneida, pursuant to Article 78 of the New York Civil Practice Law and Rules,

seeking the invalidation of Local Law No. 3 of 2008 and a finding that he was entitled to have his application granted.  On November 12, 2009, the state court ruled that Local Law No. 3 of 2008 was "not properly adopted" because the Town planning board failed to submit a written report following its review of the proposed amendment as required by the Town Zoning Ordinance. Specifically, the court found that the planning board's failure to submit a written report to the Town Board was "a clear violation of the town's own laws concerning the amendment process for zoning laws, and as such, the Town of Verona Local Law Number 3 was not properly adopted and is found to be invalid."  Compl. Ex. O.  The court remanded plaintiff's applications "back to the Zoning Board of Appeals for review and written authorization based on the town zoning ordinance of 2004, prior to the 2008 amendment."  Compl. Ex. O.

On or about November 4, 2009, defendants "summarily passed Local Law No. 1 of 2009, in an effort to re-enact Local Law No. 3 of 2008".  Compl. ¶ 24.  Plaintiff claims Local Law No. 1 is invalid because defendants failed to publish notice of public hearing regarding this zoning amendment, failed to hold a public hearing on the proposed zoning amendment, and, "in complete dereliction of such statutory requirements, purported to enact said Local Law No. 1 of 2009 at a regular Town Board meeting on November 4, 2009."  Compl. ¶ 25.  Plaintiff further claims that defendants failed to refer the new local law to its Planning Board for comment and review and that the Planning Board "failed to hold a meeting to review the proposed amendment, and . . . issue a report thereon."  Compl. ¶ 26.

On December 16, 2009, plaintiff filed a summons with notice in the Supreme Court of the State of New York, County of Oneida, claiming that defendants' denial of his application on December 17, 2008, violated his right to due process and his "statutory and constitutional rights".

Dkt. No. 1-1.   On April 15, 2010,[1] pursuant to 28 U.S.C. §§ 1441 and 1446, defendants removed the action to this Court on the basis that "there is a federal question presented and allegations of violations of plaintiffs' constitutional rights."  Dkt. No. 1.  On August 26, 2010, plaintiff filed a complaint.  Dkt. No. 4.

### III.    DISCUSSION

To survive a Rule 12(b)(6) motion, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *See ATSI Commc'n, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).[2]

Plaintiff brings this case pursuant to 42 U.S.C. § 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights" (citation omitted)).  Section 1983

---

[1]Generally, the time for removal is "thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" 28 U.S.C. § 1446(b).  Defendants do not indicate when they received the summons with notice on which this action was removed.  Thus, defendants have not indicated whether removal was within the prescribed thirty day period for removal.  Plaintiff, however, raises no objection on this score.

[2]The Court has not considered the additional evidentiary submissions in connection with defendants' motion to dismiss and declines to convert the present motion to one for summary judgment pursuant to Fed. R. Civ. P. 12 (d).

provides a remedy for the violation of protected constitutional rights by a person acting under color of state law.  42 U.S.C. § 1983.

### A.    Due Process

Since plaintiff's complaint alleges facts which would support an alleged denial of both his substantive and procedural due process rights, the Court will assume he intended to assert both types of claims.

### 1.    Substantive Due Process

At the outset, the Court is mindful of the Second Circuit's language in *Zahra v. Town of Southold*, 48 F.3d 674, 679-80 (2d Cir. 1995), that "federal courts should not become zoning boards of appeal to review nonconstitutional land[-]use determinations by the [C]ircuit's many local legislative and administrative agencies."  However, in *Zahra*, the Circuit also noted "Nevertheless, we have acknowledged that we should entertain such claims where a landowner's constitutional rights are indeed infringed by local land-use actions."  *Id*. (citing *Brady v. Town of Colchester*, 863 F.2d 205, 215 (2d Cir.1988)).  "In fact, in such an instance, "our duty to protect the constitutional interest is clear."  *Id*. (citing *Sullivan v. Town of Salem*, 805 F.2d 81, 82 (2d Cir. 1988).

Defendants contend that plaintiff's substantive due process claim is not viable because he has no cognizable property interest in the sign permit which is the subject of this action.  Indeed, to establish that defendants violated plaintiff's substantive due process rights, the Court must first inquire "whether a constitutionally cognizable property interest is at stake."  *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995).  The Second Circuit uses a strict "entitlement" test to determine whether a party's interest is protectable under the Fourteenth

11

Amendment.  *Zahra*, 48 F.3d at 680 (citing *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 192 (2d Cir. 1994); *RRI Realty Corp. v. Inc. Vill. of Southamptom*, 870 F.2d 911, 918 (2d Cir.), cert. denied, 493 U.S. 893 (1989); *Yale Auto Parts, Inc. v. Johnson*, 758 F.2d 54, 58-59 (2d Cir. 1985). "This inquiry stems from the view that a property interest can sometimes exist in what is sought - in addition to the property interest that exists in what is owned - provided there is a 'legitimate claim of entitlement' to the benefit in question." *Id.*(citing *RRI Realty*, 870 F.2d at 915; *Yale Auto Parts*, 758 F.2d at 58.)  "The analysis focuses on the extent to which the deciding authority may exercise discretion in arriving at a decision, rather than on an estimate of the probability that the authority will make a specific decision." *Id.* (citing, *e.g.*, *Walz v. Town of Smithtown*, 46 F.3d 162, 168 (2d Cir. 1995) (homeowner had property interest in an excavation permit because superintendent of highways had no discretion to decline to issue it if the application stated the nature, location, extent and purpose of the proposed excavations); *Gagliardi*, 18 F.3d at 192-93 (landowners had no property interest in enforcement of zoning laws for adjacent property, since municipal officials had broad discretion in determining whether to grant or deny building permit, site plan and variances); *RRI Realty*, 870 F.2d at 918-19 (no property interest existed in building permit because town officials had discretion to either grant or deny the permit).

In the present case, regarding off-premises signs, the Zoning Ordinance states:

Signs advertising functions, uses, products or services not pertaining to the premises on which they are located, and mobile advertising or attracting devices shall be permitted . . . following a review and written authorization by the Zoning Board of Appeals." Section IV-5 A.5., B.1.

Under "General Regulations" of signs, Local Law No. 1 of 2004 states:

> No sign shall be erected which, in the opinion of the Town Board, may cause hazardous or unsafe conditions.  Such signs shall be removed upon direction of the

Town Board following notification to the owner. . . .

Any sign that does not specifically meet the criteria stated above for the issue of a building permit shall require a review of and authorization by the Zoning Board of Appeals prior to the issue of a building permit for the same.  It shall be the policy of the Town of Verona to promote business and the advertising that forwards the same.  To that end this section of the ordinance is designed to allow for any request for signage to be allowed following the appropriate level of review to ensure the quality of life and character of the area effected by the request.

Section IV-5.D.9.  Thus the ZBA had the discretion to review any request for signage "to ensure the quality of life and character of the area effected by the request",  *Cf. Gagliardi*, 18 F.3d at 192-93 (finding that the plaintiffs had no "protected property interest" because "the Municipal Defendants had broad discretion in determining whether to grant or deny the building permit, site plan and variances."), and the decision to deny plaintiff's sign application did not infringe upon any protected property interest of plaintiff.  *Zahra*, 48 F.3d at 680 (to establish a valid "property interest" for due process consideration, a plaintiff must show that the benefit or property deprived was entitled to constitutional protection at the time he was deprived of that benefit) (citing *Brady*, 863 F.2d at 211-12 (balance of citations omitted)).  Accordingly, defendants' motion to dismiss plaintiff's substantive due process claim is granted.

### 2.      Procedural Due Process

In order to establish a procedural due process violation, a plaintiff must prove that he or she was deprived of " 'an **opportunity** ... granted at a meaningful time and in a meaningful manner' for [a] hearing appropriate to the nature of the case."  *Brady,* 863 F.2d at 211 (quoting *Boddie v. Connecticut*, 401 U.S. 371, 378 (1971) (emphasis in original).  In this case, the availability of Article 78 administrative review of the ZBA's determination and procedural process under state law, including the enactment of the zoning law,  precludes a finding that the

13

defendants' conduct violated plaintiff's rights of procedural due process under the Fourteenth Amendment.  Because plaintiff can pursue these claims by means of an adequate postdeprivation remedy in the state courts, he has failed to allege a federal constitutional violation.  *See Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 882 (2d Cir. 1996) (there is no constitutional violation when there is an adequate state postdeprivation procedure to remedy a random or arbitrary deprivation of property or liberty) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986)).

**B.    Infringement on Speech**

Plaintiff argues that because the sign ordinances, as amended in 2008 and 2009, do not set forth a purpose clause establishing a legitimate governmental purpose, they are an unconstitutional restriction on commercial speech.  Plaintiff further argues that the Town's denial of his permit application violated his right to free speech.  Plaintiff's challenge to the 2008 ordinance, however, is moot since it was amended in 2009.  *See Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo*, 981 F.2d 50, 59 (2d Cir. 1992) ("Constitutional challenges to statutes are routinely found moot when a statute is amended") (citing *Massachusetts v. Oakes*, 491 U.S. 576, 582 (1989)).  Neither party suggests that there is any reason to believe that the Town will return to the 2008 ordinance, or the original sign ordinance.  Accordingly, the Court deems plaintiff's First Amendment challenge for unconstitutional restriction on commercial speech to be against the 2009 amendment to the sign ordinance.

*Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n*, contains the current test for assessing the constitutionality of restrictions on commercial speech.  447 U.S. 557 (1980).  "As a

threshold matter, in order to warrant First Amendment protection under the *Central Hudson* framework, the communication must be 'neither misleading nor related to unlawful activity.'" *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 103 (2010) (quoting *Central Hudson*, 447 U.S. at 564). The next inquiry is whether the "governmental entity that wishes to regulate protected commercial speech has asserted a substantial interest to be achieved' by the restrictions." *Id.* (quoting *Cent. Hudson*, 447 U.S. at 564). "[T]o satisfy constitutional requirements, as set out in *Central Hudson*, the restriction must satisfy two further criteria. "First, the restriction must directly advance the state interest involved"; and second, it must not be "more extensive than is necessary to serve that interest." *Cent. Hudson*, 447 U.S. at 564, 566, 100 S.Ct. 2343. The Town bears "the burden of establishing a reasonable fit between the [regulatory scheme's] ends and the means chosen to accomplish those ends." *City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 414 (1993) (internal quotation marks omitted).

Here, plaintiff has alleged that he seeks to erect billboards displaying (off-premises) commercial speech. There is no suggestion that the speech would be misleading or unlawful, thus the complaint satisfactorily alleges that the commercial speech at issue is entitled to First Amendment protection. According to the complaint, Local Law No. 1 of 2009 is "devoid of any stated public purpose for enacting a total ban on off-premises signs" and billboards. Defendants respond that the "stated purpose of protecting and preserving the public health, safety and welfare included in Section I-3 of the Zoning La[w] fully encompasses the Town's interest in limiting potential traffic hazards."

The sign ordinance states that "No sign shall be erected which, in the opinion of the Town Board, may cause hazardous or unsafe conditions" and that the Town's "policy" was to "promote

15

business and the advertising that forwards the same.  To that end this section of the ordinance is designed to allow for any request for signage to be allowed following the appropriate level of review to ensure the quality of life and character of the area effected by the request."

There is no indication in the ordinance that Town of Verona officials considered off-premises signs and billboards unsafe or hazardous or believed that they detracted from the "quality of life and character of the area effected by the request".  Thus there is no basis on which to conclude that the prohibition on billboards advances the Town's claimed interest in limiting traffic hazards or its aesthetic interests.  The Court therefore finds that the complaint states a plausible claim that the ordinance's prohibition on off-premises signs and billboards violates the First Amendment.[3]

### C.   Defendants

---

[3]Under "Point I" of plaintiff's Memorandum of Law, which addresses defendants' alleged violation of plaintiff's procedural and substantive due process rights, Plaintiff's Mem. of Law, 10, plaintiff argues that the complaint also contains facts which could be construed to "give rise to a question of retaliation."  More specifically, plaintiff argues:

> Both local laws at issue which preclude the Plaintiff's applications, attempt to enact a total ban on signs and only in the location where Plaintiff's applications were pending, with no statement whatsoever as to the governmental reason or purpose for same.  So, setting aside the local laws were passed in violation of procedures, the attempt by the Defendants to legislate against the Plaintiff by their failed attempts to enact a total ban on signs in the HCR District in the face of Plaintiff's pending applications and the assertions of his rights under law, is retaliatory.

Plaintiff's Mem. of Law, 14-15.  If plaintiff intends to advance a retaliation claim under, *e.g.,* the First Amendment, *see  Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d. 83, 91 (2d Cir. 2002) (to state a claim for retaliation in violation of the First Amendment,  plaintiff must allege that "(1) his conduct was protected by the First Amendment, and (2) such conduct prompted or substantially caused defendant's action") (internal citations omitted)), he must file a motion to amend the complaint because the complaint does not advance such a claim.

Defendants move to dismiss the claims against the Town of Verona Zoning Board of Appeals, its chairman, and members, as well as the claims against Town Board members, town supervisor, deputy supervisor, codes enforcement officer, and town clerk to the extent they are sued in their official capacities. Defendants argue that claims against these defendants are encompassed within the claims against the Town, and are therefore redundant.

### 1.    Town Zoning Board of Appeals and Town Board

Plaintiff does not oppose the dismissal of the Town Zoning Board of Appeals and the Town Board, since the Town of Verona encompasses those boards, but does oppose dismissal of the individual defendants. The Town Zoning Board of Appeals and the Town Board are therefore dismissed as defendants from this action and the Court will address the parties' arguments regarding the individual defendants.

### 2.    Members of the Town Zoning Board of Appeals and Town Board

Defendants argue that the members of the ZBA and Town Board, who are sued in their official and individual, or personal, capacities, are entitled to absolute immunity for their legislative actions. In opposition, plaintiff argues that each individual's intent and motive for voting to enact Local Law No. 1 of 2009 is at issue and relevant to his claims.

"[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Department of Social Servs. of City of N.Y.*, 436 U.S. 658, 690 n.55 (1978). "Where the governmental entity can itself be held liable for damages as a result of its official policy, a suit naming the legislators in their official capacity is redundant." *Rini v. Zwirn*, 886 F. Supp. 270, 281 (E.D.N.Y. 1995). Accordingly, the claims against the members of the ZBA and Town Board, to the extent they are sued in their official

capacities, are dismissed.

Plaintiff also sues the members of the ZBA and Town Board in their personal capacities for their parts in enacting Local Law No. 1 of 2009.  Defendants assert these defendants are entitled to legislative immunity and must be dismissed from this action.  "Legislators are entitled to absolute immunity from civil liability for their legislative activities.  This Circuit has previously held that absolute legislative immunity for Section 1983 actions extends to local legislators."  *Harhay v. Town of Ellington Bd. of Educ*., 323 F.3d 206, 210 (2d Cir. 2003) (citing *Carlos v. Santos*, 123 F.3d 61, 66 (2d Cir. 1997)).  In opposition, plaintiff argues that "the intent and motives" for the vote by each member of the ZBA and Town Board in enacting Local Law No. 1 of 2009 and "with respect to their conduct over Plaintiff's application . . . , are relevant to the issues of due process, and if found to be outside the scope of their duties, would give rise to individual liability and punitive damages."  Pl.'s Mem. of Law 20.   The Circuit has instructed that: "The test for determining whether an act is legislative 'turns on the nature of the act, *rather than on the motive or intent of the official performing it* .'  Under this functional test, immunity depends on the nature of the act itself, not the identity of the actor performing it."  *Id*. (Emphasis added) (internal citation omitted) (quoting *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998)) (citing *Forrester v. White*, 484 U.S. 219, 224, 227 (1988)).

At issue here is the passage of Local Law No. 1 of 2009 and whether its prohibition of billboards and off-premises speech violates the First Amendment.  Thus, the individual board members have absolute immunity from personal liability for their participation in the legislative process.  Accordingly defendant Town Board members Kenneth Regner, Richard Rados, and Scott Musacchio and ZBA members Raymond Ulrich, Walter Hojnacki, Jeffrey Kahler, Charles

18

Wirtenson, and Henry Gerwig are dismissed as defendants in this action.

### 3.   Remaining Defendants

Neither the complaint, nor the attached exhibits, contain any facts suggesting that Town Supervisor Owen Waller, Deputy Supervisor Gerald Zimmerman, Codes Enforcement Officer Chris Childs, and Town Clerk Patricia Nestle were personally involved in the alleged deprivation of plaintiff's First Amendment rights.  This defect is fatal to plaintiff's § 1983, First Amendment, claim against them.  *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (providing that to state a claim under § 1983, a plaintiff must allege personal involvement of a defendant).  Accordingly, these defendants are dismissed from this action.

### E.   State Law Claim

Defendants move to dismiss plaintiff's "claim of improper enactment of local law" because New York Municipal Home Rule 20, which sets forth the content requirements for the enactment of Local Laws, does not require a stated purpose "in the text of a local law or amendment thereto."[4] Def's Mem. of Law, 11.  On this issue, the complaint alleges: "The failure to include a 'purpose clause in the text of the amendments contained in either Local Law No. 3 of 2008 and/or Local Law No. 1 of 2009 violates that statutory requirements for the enactment of same, rendering Local Law No. 1 of 2009 void as a matter of law."  Compl., ¶ 35.  The complaint does not specify which "statutory requirement" the amendments violated.  Moreover, New York Municipal Home Rule - Statute of Local Gov'ts, Rules 20 and 22, which respectively govern the "Procedure for adoption of local laws by legislative body" and "Effect of local laws on acts of

---

[4]Though a state-law claim, it is subject to the Court's supplemental jurisdiction.  28 U.S.C. § 1367.

legislature or prior local laws or ordinance", set forth the procedural requirements for enacting and amending local laws but contain no reference to a "purpose clause".  Thus, defendant's motion to dismiss plaintiff's state law claim on this issue is granted and this claim is dismissed without prejudice.[5]

## IV.    CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss the procedural and substantive due process claims alleged in the complaint is granted; and it is further

**ORDERED** that the procedural and substantive due process claims are dismissed without prejudice; and it is further

**ORDERED** that defendants' motion to dismiss the First Amendment claim alleged in the complaint is denied; and it is further

**ORDERED** that the Town Board and Town Zoning Board of Appeals are dismissed as defendants in this action; and it is further

**ORDERED** that Town Board members Kenneth Regner, Richard Rados, and Scott Musacchio and Town ZBA members Raymond Ulrich, Walter Hojnacki, Jeffrey Kahler, Charles Wirtenson, and Henry Gerwig, Town Supervisor Owen Waller, Deputy Supervisor Gerald Zimmerman, Codes Enforcement Officer Chris Childs, and Town Clerk Patricia Nestle are dismissed as defendants in this action; and it is further

**ORDERED** that the Clerk of the Court is directed to amend the caption of this action to show that the only remaining defendant is the Town of Verona; and it is further

---

[5]As above, plaintiff may file a motion to amend the complaint on this issue.

**ORDERED** that the motion to dismiss the state-law claim regarding improper enactment of Local Law No. 1 of 2009 is granted; and it is further

**ORDERED** that the state-law claim regarding improper enactment of Local Law No. 1 of 2009 for failure to include a statement of purpose clause is dismissed without prejudice.

**IT IS SO ORDERED.**

Date:    September 27, 2011

_____

Norman A. Mordue
Chief United States District Court Judge